# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**ELEPHANT WALK, INC.,**

    **Plaintiff,**                                  CASE NO. 1:13-cv-195-RS-CAS

    v.

**CHEMBIO DIAGNOSTICS, INC.,**

    **Defendant.**
_____/

## ORDER

Before me are Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 14) and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 18).

## Background

Plaintiff is a USDA-licensed elephant exhibitor and must follow the USDA's 2008 comprehensive guidelines for the control of tuberculosis in elephants ("2008 Guidelines"). Defendant was involved in drafting the 2008 Guidelines, which required elephant exhibitors to use the Stat-Pak assay to test for tuberculosis, and procured an exclusive license to manufacture and sell the Stat-Pak assay. The results of tests using the Stat-Pak assay are publicly available

through the Freedom of Information Act. And according to Plaintiff's Amended Complaint, the test is often unreliable. (Doc. 12, ¶ 12).

On January 24, 2014, Plaintiff had one of its elephants, Topsy, tested. The results were reported as "STAT-PAK reactive . . . ; MAPIA reactive; antibody patter (ESAT-6 antigen predominantly) appears typical for TB cases." (Doc. 18, p. 3). Plaintiff's veterinarian requested clarification and a retest, but Defendant did not provide either, nor did it return Topsy's blood sample. Defendant informed Plaintiff that the Stat-Pak was out of stock when it requested a retest.

Subsequent tests of Topsy were negative for tuberculosis, but because of the Stat-Pak test, animal rights groups and certain states have branded Topsy positive. Plaintiff has been unable to exhibit Topsy in circuses and other events because of the results of the test. Plaintiff filed a complaint for negligence and breach of a third-party beneficiary agreement. Defendant filed the motion to dismiss alleging there is no duty to keep the test in stock or retest Topsy.

## **Standard of Review**

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69,

104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.*, 177 F.3d 1228, 1229 (11th Cir. 1999)).

## Analysis

A cause of action for negligence has four elements: (1) a legal duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) causation between the breach and the plaintiff's injury, and (4) damages as a result of the breach. *Gibbs v. Hernandez*, 810 So. 2d 1034, 1036 (Fla. 4th DCA 2002). A legal duty arises from four general sources: "(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of a case." *McCain v. Florida Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla. 1992). It is agreed that there is no legal duty from any legislative enactments, administrative regulations, judicial interpretations, or judicial precedents for Defendant to retest Topsy or to keep the test in stock. However, Plaintiff contends Defendant owed it a legal duty arising from the facts of the case.

Plaintiff alleges the pertinent facts are that (1) Defendant created demand for the Stat-Pak test by helping draft the 2008 Guidelines; (2) Defendant is the exclusive licensee from the government and the sole manufacturer; (3) Defendant

knew its test results were available to the public, including animal rights groups; (4) Defendant knew a positive Stat-Pak test would prevent elephant exhibitors from operating their businesses; and (5) Defendant knew elephants often had different test results after a retest. (Doc. 12, ¶ 20). Taking the Plaintiff's amended complaint as true, it is possible that the facts of this case—Defendant being an exclusive licensee and sole manufacturer of test required by the USDA—would create a duty to at least keep the test in stock. Therefore, it would be premature to dismiss the negligence count at this stage of the litigation.

"[T]o maintain a cause of action for breach of a third party beneficiary contract, the party asserting the third party beneficiary status must prove (1) the existence of the contract; (2) clear or manifest intent of the parties that the contract primarily and directly benefits the third party; (3) breach of a contract by a contracting party; and (4) damages to the third party resulting from the breach." *Steadfast Ins. Co. v. Corporate Protection Sec. Group., Inc.*, 554 F.Supp.2d 1335, 1338 (S.D. Fla. 2008)(citing *Jenne v. Church & Tower, Inc.*, 814 So.2d 522, 524 (Fla. 4th DCA 2002). Plaintiff states, "The agreement was intended to benefit a particular class, namely elephant exhibitors holding a USDA license, to assist them in complying with the 2008 Guidelines and operate their elephant exhibiting businesses." (Doc. 12, ¶ 25). These factual allegations are sufficient to rise above the speculative level and survive a motion to dismiss.

## **Conclusion**

For the above reasons, Defendant's Motion to Dismiss is **DENIED**.


**ORDERED** on January 22, 2014.

                                      **/s/ Richard Smoak**
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**